**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

ELLIOTT INDUSTRIES LIMITED PARTNERSHIP,
a New Mexico limited partnership,

        Plaintiff,

v.                                            No. Civ. 00-0655 JC/WWD ACE

CONOCO INC., a Delaware corporation,
AMOCO PRODUCTION COMPANY, a
Delaware corporation, and AMOCO ENERGY
TRADING CORP., a Delaware corporation,

        Defendants,

**MEMORANDUM OPINION AND ORDER**

      THIS MATTER came on for consideration of Defendants' Joint Motion to Dismiss for Lack of Subject Matter Jurisdiction, filed August 28, 2000 *(Doc. 27)*. The Court has reviewed the motion, the memoranda submitted by the parties, and the relevant authorities. In addition, a hearing was held on January 10, 2001. For the reasons stated at the hearing, the Court found that Plaintiff failed to properly allege an antitrust injury sufficient to invoke federal question subject-matter jurisdiction. However, the Court requested supplemental briefing on the issue of whether Plaintiff had met the amount in controversy requirement for diversity subject-matter jurisdiction. The Court has since reviewed the supplemental briefs and the relevant authorities. The Court finds that Plaintiff has met the jurisdictional minimum required for diversity jurisdiction. Therefore, Defendants' motion will be denied.

The rule governing dismissal for lack of jurisdiction in federal court is that the amount claimed by the plaintiff controls if the claim is apparently made in good faith. *See St. Paul Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938). It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal. *See id.* Thus, the burden is on the party asserting jurisdiction to show it is not a legal uncertainty that the claim is less than the jurisdictional amount. *See Watson v. Blankinship*, 20 F.3d 383, 386 (10th Cir. 1994).

Applying the standard to the facts of this case, the Court finds that it would not be legally impossible for Plaintiff to recover the jurisdictional amount of $75,000 or more against either defendant.[1]

First, Plaintiff alleges actual damages suffered by Defendants' failure to pay sufficient royalties. Plaintiff seeks unpaid royalty revenues having accrued since 1986. However, Defendant alleges that Plaintiff is not entitled to recover unpaid royalty revenue prior to June 1997. In any case, Plaintiff has alleged at least $2,944 against defendant Conoco and $20,000 against Defendant Amoco in actual damages.

In addition, Plaintiff alleges statutory violations under the New Mexico Unfair Practices Act (UPA), NMSA 1978 §§ 15-12-1 *et seq.* Plaintiff has adequately alleged that Defendants willfully engaged in deceptive and unconscionable trade practice. A material fact exists as to whether the Federal Energy Regulatory Commission (FERC) "approved" the 39% processing fee for application to Plaintiff, as claimed by Defendants, or whether Defendants never informed FERC that such a fee

---

[1]In the Tenth Circuit, each class member in a diversity-based class action must meet the $75,000 amount in controversy requirement in order for diversity jurisdiction to attach. *See Leonhardt v. Western Sugar Co.*, 160 F. 3d 631 (10th Cir. 1998). At this point, no class has been certified. Accordingly, the Court will analyze only Plaintiff Elliott Industries' alleged damages when determining whether the amount in controversy has been met.

2

would be charged to Plaintiff.  Therefore, under the UPA, Plaintiff could conceivably recover up to three times its actual damages.

Plaintiff also alleges punitive damages. Punitive damages may be considered when calculating the amount in controversy.  *See Bell v. Preferred Life Assurance Soc'y*, 320 U.S. 238, 240 (1943) ("[w]here both actual and punitive damages are recoverable under a complaint each must be considered to the extent claimed in determining jurisdictional amount"). There is no cap on punitive damages. In New Mexico, punitive damages are allowed for fraud. *See Naranjo v. Paull*, 111 N. M. 165, 803 P. 2d 254, 261-62 (Ct.  App. 1990). To obtain punitive damages under New Mexico law, a plaintiff must show a culpable mental state on the part of the wrongdoer. S*ee Gillingham v. Reliable Chevrolet*, 126 N.M. 30, 33, 966 P.2d 197, 200 (Ct.App.1998).  Conduct must rise to a willful, wanton, malicious, reckless, oppressive, or fraudulent level. *See Id*.  Assuming that Plaintiff proved its claim, it would to a legal certainty be entitled to punitive damages.

While there is no cap on punitive damages, New Mexico courts generally do not allow the ratio of punitive damages to the harm to exceed ten to one where economic damages are significant and the injury is not hard to detect. *See Weidler v. Big J Enterprises, Inc.*, 124 N.M. 591, 604, 953 P.2d 1089, 1102 (Ct. App. 1997)). Applying the ten to one ratio to Plaintiff's claims for compensatory damages results in possible punitive damages of up to $200,000 against Amoco and $29,400 against Conoco.

Plaintiff has also set forth allegations to support their claims that Defendants conspired together to deprive Plaintiff of the royalties.  For instance, Plaintiff alleges that Defendants agreed to share equally in the NGL's from the 39% processing fee.  Therefore, the Court finds that, to the extent that damages are alleged against defendants separately, the damages may be aggregated to

3

meet the jurisdictional requirement for each defendant. *See Walter v. Northeastern Railroad Co.*, 147 U.S. 370, 373-74 (1893)(Aggregation to achieve diversity jurisdiction is barred when the liability of the defendants is several and not joint); 14B WRIGHT & MILLER, Federal Practice & Procedure, §3704 (1997).

Finally, Plaintiff seeks attorneys' fees. As a basis for establishing amount-in-controversy, though, attorneys' fees can only be considered in regard to each individual class member. Nevertheless, a reasonable amount of attorneys' fees would contribute to the overall total recovery for Plaintiff Elliot Industries.

Considering actual damages, statutory penalties, punitive damages and attorneys' fees sought by Plaintiff, Plaintiff has made a good faith entreaty for recovery of at least $75,000 from Defendants. Therefore, the Court finds that Plaintiff has met the requisite amount in controversy required for this Court to exercise diversity jurisdiction. Accordingly, Defendants' motion to dismiss for lack of subject-matter jurisdiction will be denied.

Wherefore,

IT IS HEREBY ORDERED that Defendants' Joint Motion to Dismiss for Lack of Subject Matter Jurisdiction, filed August 28, 2000 *(Doc. 27)* is denied.

DATED March 7, 2001.

_____
UNITED STATES DISTRICT JUDGE

Counsel for Plaintiff

| | |
|---|---|
| Mary E. Walta, Esq. | Paul Bardacke, Esq. |
| White, Koch, Kelly & McCarthy, P.A. | John M. Eaves, Esq. |
| Santa Fe, New Mexico | Derek V. Larson, Esq. |
| | Eaves, Bardacke, Baugh, Kierst & Kiernan, P.A. |
| | Albuquerque, New Mexico |

Counsel for Defendants

| *Conoco, Inc.* | *Amoco Defendants* |
|---|---|
| Michael B. Campbell, Esq. | Perry L. Glantz, Esq. |
| Tanya M. Trujillo, Esq. | Scott Baker, Esq. |
| Holland & Hart, LLP | Holland & Hart, LLP |
| Campbell & Carr P.A. | Greenwood Village, Colorado |
| Santa Fe, New Mexico | |
| | Marte D. Lightstone, Esq. |
| | Miller, Stratvert & Torgerson, P.A. |
| | Albuquerque, New Mexico |