IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ELLIOTT INDUSTRIES LIMITED PARTNERSHIP,
a New Mexico limited partnership,

        Plaintiff,

vs.                                                                   Civ. No. 00-655 JC/WWD ACE

CONOCO, INC., a Delaware corporation, et al.,

        Defendants.

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court upon Plaintiff's Motion to Compel Production of Document Reviewed by Conoco's Expert Witness filed May 4, 2001 [docket #128].

**Background.**

On December 22, 2000, Plaintiff served its fourth request for production of documents upon Defendant Conoco, which included request no. 127 which reads as follows:

> For each of the expert witnesses identified by defendants for class certification issues, please produce each and every document which the expert reviewed prior to preparing his opinions on the class certification issues in this case.

On April 6, 2001, in its response to the production sought in item no. 127, Defendant Conoco stated the following, to wit:

> All such documents are identified in the reports of Professor Kramer and Mr. Zeeb. Please refer to paragraph 9 of Professor Kramer's report dated March 28, 2001 ... for a listing of materials reviewed and considered ... in the formulation of ... expert opinions pertaining to class certification issues. In that these materials are case pleadings or have previously been produced, additional copies of these materials will be produced upon request.

In the expert witness report of Bruce M. Kramer, under the heading DOCUMENTS REVIEWED, the following, among other things, appears:

> Class Deficiencies Outline Prepared by Michael B. Campbell:  * ...            *This document was sent to me inadvertently by counsel and at his request I returned it to him at his office on January 9, 2001.

In a letter dated April 24, 2001, Derek V. Larson, an attorney with one of the law firms representing Plaintiff, requested the following, to wit:

> 5.  A copy of the Class Deficiency Outline prepared by you as referenced in Mr. Kramer's expert report [ dated March 28, 2001]....

Defendant Conoco has refused to produce the document and now asserts in opposition to the instant motion that the document was work product; that it was inadvertently sent to Conoco's expert; that it was returned to Conoco's counsel approximately six days after having been sent to Conoco's expert; and that the document was sent to Conoco's expert inadvertently as the result of a miscommunication between Conoco's counsel and his legal assistant; and that the expert, Professor Kramer, did not rely on the document in forming his opinion. In Professor Kramer's affidavit in support of Conoco's Response to the instant motion, Kramer indicates that he did "review" the Class Deficiency Outline but that he did not "rely" on it.

Plaintiff's Reply cites numerous cases dealing with what must be produced in discovery if it is furnished to an expert; waiver of work product protection; the law concerning inadvertent disclosure of attorney work product; all against the background of the particular circumstances in this law suit.

**DISCUSSION.**

Plaintiff asked that production be made of the documents which had been "reviewed" by Conoco's expert in preparing his opinions. Instead of listing or producing the documents, Conoco referred Plaintiff to the expert's report. The expert's report lists the document in question as one of the entries under the heading "DOCUMENTS REVIEWED". Although the report does indicate that the document was returned to Conoco's counsel since it was sent to the expert "inadvertently", the supposition that it was actually reviewed or read is confirmed by Professor Kramer's affidavit which also states that Kramer "did not rely" on the document in preparing his expert report. Conoco's response to Request No. 127 gives no hint that the document here in question was protected in any way as work product or otherwise. When Conoco discovered that it had "inadvertently" sent the document to its expert, it took no formal action to memorialize or protect the involuntary disclosure. Instead, Plaintiff was put to the task of filing a motion to compel because it was obviously missing a document which Conoco had only belatedly suggested was protected from disclosure. Based on the submissions of counsel and the practice in this law suit, Conoco never had a strong position in refusing to produce the sought document. The factors to be considered in a situation where a privileged document is inadvertently produced are set out in <u>Hartman v. El Paso Natural Gas</u>, 733 P.2d 1144, 1152 (N.M. 1988).[1] Apparently, Mr. Campbell, Conoco's counsel was also the defendant's counsel in the <u>Hartman</u> case. In reviewing

---

[1] [5] The court then listed five factors which should assist a court in determining whether a document has lost its privilege:
 (1) The reasonableness of the precautions taken to prevent inadvertent disclosure in view of the extent of the document production;  (2) the number of inadvertent disclosures;  (3) the extent of the disclosure;  (4) any delay and measures taken to rectify the disclosures;  (5) whether the overriding interests of justice would be served by relieving a party of its error.

the <u>Hartman</u> factors, I find no showing of precautions being taken to prevent inadvertent disclosures; I find unnecessary delay as well as ineffectual measures taken to rectify the disclosures; and I find no showing as to serving the overriding interests of justice by relieving Conoco of its error. In summary, after reviewing the circumstances of this case and the submissions of counsel including the cases cited by counsel; I find that the motion to compel should be granted.

**WHEREFORE,**

**IT IS ORDERED** that on or before June 22, 2001, Defendant Conoco shall serve on Plaintiff a copy of the document entitled "Class Deficiencies Outline Prepared by Michael Campbell" referred to in the expert witness report of Bruce M. Kramer.

**IT IS FURTHER ORDERED** that no attorney fees shall be assessed against Defendant Conoco in connection with the motion here being considered.

_____
UNITED STATES MAGISTRATE JUDGE