IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ELLIOTT INDUSTRIES LIMITED PARTNERSHIP,
a New Mexico limited partnership,

      Plaintiff,

vs.                                                         Civ. No. 00-655 JC/WWD ACE

CONOCO, INC., a Delaware corporation, et al.,

      Defendants.

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court upon Defendant Conoco Inc.'s ("Conoco") Motion to Compel Production of Documents filed May 21, 2001. A similar motion filed November 13, 2000, was apparently left to twist in the wind. Conoco seeks an Order compelling Plaintiff to produce all documents sought in Request for Production No. 4 of Conoco's First Requests for Production of Documents. Request for Production No. 4 reads as follows:

> 4. Please produce all documents relating or pertaining to natural gas, natural gas production, transportation and marketing in the San Juan Basin or elsewhere, including correspondence, or communications between you and any other party. This request seeks your documents, as well as documents of your predecessors-in-interest which are in your custody and control.

Plaintiff objected to Request No. 4 stating that "it is vague and overly broad"; that it was "not reasonable calculated to lead to the discovery of admissible evidence relating to the claims in this case"; and that it was unduly burdensome and expensive. Plaintiff then stated that it would produce documents "pertinent to the claims, the time period and the properties covered in this case".

In its response to the present motion to compel, Plaintiff contends that (1) the motion is untimely; (2) that "the demand for specific documents requested is outside the scope of Request for Production No. 4 as agreed to by the parties nearly six months ago", and (3) the documents requested are not relevant in the event that the Court grants Plaintiff's Motion to Certify the Class.  The response also attempts to detail and document certain correspondence and telephone calls which refer to Request for Production No. 4. In a letter from Plaintiff's counsel dated November 30, 2000, which purports to "memorialize" certain telephone conversations between Conoco's attorneys and Plaintiff's attorneys, the following language appears, to wit:

> 1. Conoco's motion to Compel Plaintiff's Production of Documents. The disputed Requests Nos. 3 and 4 have been resolved by Plaintiff's agreement to produce sample remittance statements from other payors, one prior to 1985, if such documents exist in Plaintiff's files, and one subsequent to 1985 for each payor. Based upon our understanding that the matters in Conoco's Motion to Compel are no longer at issue, Plaintiff will not respond to the Motion and expects that it will now be withdrawn.

I find nothing to refute the language set out above. As of November 30, 2000, the scope of production with respect to Request No. 4 was agreed upon between counsel for the parties. Conoco apparently failed to withdraw its Motion to Compel filed November 13, 2000; nevertheless, no response was made to the motion, and Conoco did not seek to have the motion granted because of the failure of Plaintiff to respond.

DISCUSSION.

I find that "the demand for specific documents requested is outside the scope of Request for Production No. 4 as agreed to by the parties nearly six months ago." I do not address the validity of Plaintiff's original objections, the timeliness of the instant motion, or the issue of relevance. Conoco's motion to compel filed November 13, 2000 is considered abandoned.

**IT IS ORDERED** that Defendant Conoco Inc.'s Motion to Compel Production of Documents filed May 21, 2001 (Docket No. 132), and Defendant Conoco Inc.'s Motion to Compel Production of Documents filed November 13, 2000 (Docket No. 73), be, and they are hereby, **DENIED.**

_____
UNITED STATES MAGISTRATE JUDGE