IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ELLIOTT INDUSTRIES LIMITED PARTNERSHIP,
a New Mexico limited partnership,

        Plaintiff,

vs.                                                                    Civ. No. 00-655 JC/WWD ACE

CONOCO, INC., a Delaware corporation, et al.,

        Defendants.

MEMORANDUM OPINION AND ORDER

      This matter comes before the Court upon four motions to compel. The first two motions (hereinafter collectively referred to as "Motion #1") were filed on June 1, 2001, and were directed to Defendant Amoco (Docket #136) and to Defendant Conoco (Docket #137); The second pair (hereinafter collectively referred to as "Motion #2"), directed to Conoco (Docket #142) and to Amoco (Docket #144), were filed July 10, 2001. Defendants Conoco and Amoco filed a combined Response to the Plaintiff's four motions and the Plaintiff filed one consolidated Reply. In Motion #1, Plaintiff seeks an order directing Amoco and Conoco to answer Interrogatory #1, which reads as follows:

> **Interrogatory No. 1:** To the extent that Conoco's response to Request for Admission No. 1 is anything other than an unqualified admission, for each year that the New Blanco Plant has processed Conoco Gas, please state for each and every royalty or overriding royalty owner receiving royalty payments for natural gas liquids ("NGLs") recovered at the New Blanco Plant from Conoco Gas, the following:
>
>     A. Identify by well, lease and/or furnish property name and number (internal and federal/state/fee):

1

>    (1) The owner name:
>    (2) The owner number; and
>    (3) the owner net revenue interest; and
>
> B. For each, state the amount of monthly NGL royalty payment made and the NGL volumes for which payments were made.

The interrogatory to Amoco is identical except that "Amoco" is substituted for "Conoco". Each Defendant objected to the interrogatory as being burdensome and on other grounds, citing the amount of work involved in compiling an answer.

In Motion #2, Plaintiff seeks an order directing Amoco and Conoco to answer Interrogatories 2-4, which read as follows:

> **Interrogatory No. 2:**   To the extent that Conoco's response to Request for Admission No. 3 is anything other than an unqualified admission, please describe by property name and number (internal and federal/state/fee), each property producing Conoco Gas processed at the New Blanco Plant which also produces Amoco Gas and, for each such property, state Conoco's and Amoco's respective working interest and net revenue interest percentages and indicate the period of joint production for each property.

Interrogatory #2 to Amoco is identical except that "Amoco" is substituted for "Conoco", and vice versa. Amoco objected asserting that the interrogatory is overly broad and unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Conoco makes similar objections and adds an assertion that the information sought is outside the knowledge or control of Conoco.

> **Interrogatory No. 3:**   To the extent that Conoco's response to Request for Admission No. 3 is anything other than an unqualified admission, for each year that Conoco has co-owned and operated the New Blanco Plant, please state the following:
>
> A. The total volumes, by product, of such Plant Products retained by the Plant Owners as remuneration for processing Plant Owners' Gas, and
>
> B. By product, the volumes of such Plant Products allocated between the Plant Owners, and

>C. By product, the actual value received by Conoco for such Plant Products allocated to it and the basis upon which the actual value is computed.

Interrogatory #3 to Amoco is identical except that "Amoco" is substituted for "Conoco", and vice versa. Although not willing to waive its objection to Interrogatory #3 as being oppressive and unduly burdensome, Amoco undertakes to answer the interrogatory. Conoco makes similar objections

>**Interrogatory No. 4.**   To the extent that Conoco's response to Request for Admission No. 3 is anything other than an unqualified admission, please state:
>
>>A. Conoco's annual actual costs and expenses for operation of the New Blanco Plant;
>>
>>B.  Conoco's annual share (volumes and values) of Plant Product retained from El Paso Gas;
>>
>>C. The amount of any settlement payments (cash or in-kind) received by Conoco from El Paso related to the New Blanco Plant; and
>>
>>D. Conoco's total capital cost basis in the New Blanco Plant, including the dates upon which the capital costs were incurred and for what purpose.

Interrogatory #4 to Amoco is identical except that "Amoco" is substituted for "Conoco", and vice versa.

Conoco and Amoco object to Interrogatory # 4 asserting it is burdensome, oppressive (Amoco) , and  overly  broad (Conoco). Amoco agrees to produce the information sought and Conoco agrees to "produce such documents on a sampling basis as agreed by the parties." I am not privy to any such agreements.

<u>DISCUSSION.</u>

This is a case which could involve extensive discovery. Much material has been produced by Defendants. Plaintiff's argument for needing the information sought in Interrogatories # 1-4 sounds reasonable to me if this action may become a class action . The question of class certification is before the Honorable John Edwards Conway. If class certification is denied outright, it would be necessary to rethink the scope of discovery. To proceed prematurely with broad discovery would be ill advised .  Accordingly, I will deny the motions at this time without prejudice. When I have the benefit of Judge Conway's  ruling on  the class certification question, I will revisit these motions.

    IT IS SO ORDERED.

_____
UNITED STATES MAGISTRATE JUDGE