# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

ELLIOTT INDUSTRIES
LIMITED PARTNERSHIP,
a New Mexico limited partnership,

    Plaintiff,

vs.                                                No. CIV 00-0655 JC/WWD

CONOCO INC., a Delaware corporation,
AMOCO PRODUCTION COMPANY,
a Delaware corporation, and
AMOCO ENERGY TRADING CORP.,
a Delaware corporation,

    Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER came on for consideration of Defendants' Rule 23(f) Joint Motion to Stay Proceedings, filed September 24, 2001 *(Doc. 197)*. The Court has reviewed the motion, the memoranda submitted by the parties, and the relevant authorities. The Court finds that Defendants' motion is not well taken and will be denied.

**I.**     **Background**

On September 12, 2001, the Court entered its Order granting Plaintiff's motion for class certification. *See* Class Certification Order, filed September 12, 2001 *(Doc. 193)*. Pursuant to FED. R. CIV. P. 23(f), Defendants then filed in the Tenth Circuit Court of Appeals a joint petition for permission to appeal the Court's Class Certification Order. Defendants now move for an

1

order to stay all proceedings in this matter pending a ruling by the Tenth Circuit Court of Appeals.

## II.　Discussion

An appeal under FED. R. CIV. P. 23(f) does not automatically stay proceedings in the District Court. Either the district court or court of appeals may order a stay in the proceedings. *See id.* "While the rule gives both the district court and the court of appeals discretion to stay the proceedings, we hold that a stay will not issue unless the likelihood of error on the part of the district court tips the balance of hardships in favor of the party seeking the stay."
*In re Sumitomo Copper Litigation v. Credit Lyonnais Rouse, Ltd.,* 262 F.3d 134, 140 (2nd Cir. 2001); *Prado-Steiman v. Bush*, 221 F.3d 1266, 1273 n.8 (11th Cir. 2000) ("Rule 23(f) contemplates that in most cases discovery (at the very least, merits discovery) will continue notwithstanding the pendency of an appeal of the class certification order."); *Blair v. Equifax Check Services, Inc.*, 181 F.3d 832, 835 (7th Cir. 1999) ("Because stays will be infrequent, interlocutory appeals under Rule 23(f) should not unduly retard the pace of litigation."). Here, the Court does not need to issue a stay because the balance of hardships does not tip in favor of the Defendants.

First, Defendants argue that they have a strong likelihood of success on the merits. *See* Defendants' Rule 23(f) Joint Motion to Stay Proceedings ("Dfs.' Motion") at 3, ¶ 6, filed September 24, 2001 *(Doc. 197)*. Defendants claim that the Court erred in: (1) relying on the "pleadings only" standard, and (2) adopting the aggregation theory used by the Plaintiff. *See id.* For the reasons set forth in the Court's Class Certification Order, filed September 12, 2001 *(Doc. 193),* the Court finds that the Defendants do not have a strong position on the merits.

Second, Defendants argue that they will be harmed if a stay is not granted because they will face substantial and potentially unnecessary discovery costs if class discovery is allowed during the Rule 23(f) appeal. *See* Dfs.' Motion at 4-5, ¶ 8. The Court disagrees. Much of the remaining discovery will likely be targeted at the merits of the case, and such discovery is necessary regardless of the outcome of any pending appeal. Even if the Tenth Circuit disagrees with this Court's analysis of the aggregation theory, Elliot and a number of other class members will still have viable claims that they can pursue. Therefore, discovery should be allowed to proceed in a timely manner.

Third, Defendants argue that the Plaintiff will not be burdened by a stay because waiting a few months will not inhibit their ability to prosecute the case. *See* Dfs.' Motion at 4, ¶ 9. However, this case is complex and involves large corporations. Defendants face a substantial task in conducting discovery. Thus, this case needs to keep moving forward.

Finally, Defendants argue that the public interest favors a stay in this proceeding. *See* Dfs.' Motion at 5-6, ¶¶ 10-11. Defendants maintain that if they are forced to proceed in federal court, they would have to expend substantial resources and possibly duplicate efforts in the state court proceeding of *Dichter v. Amoco Production Company*, filed in Santa Fe County District Court, Cause No. 2000-1620. *See id.* However, the exercise of gathering together documents relating to the claims in this case will be a worthwhile undertaking, regardless of the forum in which Defendants are forced to proceed. Defendants ultimately will have to produce this relevant discovery. Accordingly, Defendants' motion to stay proceedings is denied.

Wherefore,

**IT IS ORDERED** that Defendants' Rule 23(f) Joint Motion to Stay Proceedings, filed September 24, 2001 *(Doc. 197)* is **denied**.

DATED October 29, 2001.

_____
SENIOR UNITED STATES DISTRICT JUDGE

Counsel for Plaintiff:

    Mary E. Walta, Esq.
    White, Koch, Kelly & McCarthy, P.A.
    Santa Fe, New Mexico

    Paul Bardacke, Esq.
    John M. Eaves, Esq.
    Derek V. Larson, Esq.
    Eaves, Bardacke, Baugh, Kierst & Kiernan, P.A.
    Albuquerque, New Mexico

Counsel for Defendants:

    Scott S. Barker, Esq.
    Perry L. Glantz, Esq.
    Holland & Hart LLP
    Greenwood Village, Colorado
    Attorneys for Defendants Amoco Production Co. and Amoco Energy Trading Corp.

    Michael B. Campbell, Esq.
    Robert J. Sutphin Jr., Esq.
    Holland & Hart LLP and Campbell & Carr
    Santa Fe, New Mexico
    Attorneys for Defendant Conoco, Inc.