IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ELLIOTT INDUSTRIES LIMITED
PARTNERSHIP, a New Mexico
Limited Partnership,

       Plaintiff,

vs.                                                           Civ. No. 00-655 JC/WWD ACE

CONOCO INC., a Delaware corporation,
AMOCO PRODUCTION COMPANY, a
Delaware corporation, and AMOCO ENERGY
TRADING CORP., a Delaware corporation,

       Defendants.

## MEMORANDUM OPINION AND ORDER

       This matter comes before the Court *sua sponte*. On August 13, 2001, I entered a Memorandum Opinion and Order (Docket No. 191) denying without prejudice four motions to compel filed by Plaintiff. There has now been a ruling on the then pending class action certification, and the Honorable John Edwards Conway has declined to stay discovery during the appeal which has been taken from his ruling certifying the class sought in this cause. Judge Conway has indicated that "discovery should be allowed to proceed in a timely manner". Defendant Conoco ("Conoco") has indicated that a stay from the Court of Appeals might be sought; however, we have received no word from that Court. Accordingly, I will now address the four motions to compel which were not addressed on the merits in the Memorandum Opinion and Order of August 13, 2001.

The first two motions to compel (hereinafter collectively referred to as "Motion No. 1") were filed on June 1, 2001, and were directed to Defendant Amoco (Docket No. 136) and to Defendant Conoco (Docket No. 137); The second pair (hereinafter collectively referred to as "Motion No. 2"), directed to Conoco (Docket No. 142) and to Amoco (Docket No. 144), were filed July 10, 2001. Defendants Conoco and Amoco filed a combined Response to the Plaintiff's four motions and the Plaintiff filed one consolidated Reply. In Motion No. 1, Plaintiff seeks an order directing Amoco and Conoco to answer Interrogatory No. 1, which reads as follows:

> **Interrogatory No. 1:** To the extent that Conoco's response to Request for Admission No. 1 is anything other than an unqualified admission, for each year that the New Blanco Plant has processed Conoco Gas, please state for each and every royalty or overriding royalty owner receiving royalty payments for natural gas liquids ("NGLs") recovered at the New Blanco Plant from Conoco Gas, the following:
>
> A. Identify by well, lease and/or furnish property name and number (internal and federal/state/fee):
> (1) The owner name:
> (2) The owner number; and
> (3) the owner net revenue interest; and
>
> B. For each, state the amount of monthly NGL royalty payment made and the NGL volumes for which payments were made.

Interrogatory No.1 to Amoco is identical except that "Amoco" is substituted for "Conoco". Each Defendant objected to the interrogatory as being burdensome and on other grounds, citing the amount of work involved in compiling an answer.

In Motion No. 2, Plaintiff seeks an order directing Amoco and Conoco to answer Interrogatories 2-4, which read as follows:

> **Interrogatory No. 2:** To the extent that Conoco's response to Request for Admission No. 3 is anything other than an unqualified admission, please describe by property name and number (internal and federal/state/fee), each property producing Conoco Gas processed at the New Blanco Plant which also produces Amoco Gas and, for each such

property, state Conoco's and Amoco's respective working interest and net revenue interest percentages and indicate the period of joint production for each property.

Interrogatory No. 2 to Amoco is identical except that "Amoco" is substituted for "Conoco", and vice versa. Amoco objected asserting that the interrogatory is overly broad and unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Conoco makes similar objections and adds an assertion that the information sought is outside the knowledge or control of Conoco.

> **Interrogatory No. 3:** To the extent that Conoco's response to Request for Admission No. 3 is anything other than an unqualified admission, for each year that Conoco has co-owned and operated the New Blanco Plant, please state the following:
>
> A. The total volumes, by product, of such Plant Products retained by the Plant Owners as remuneration for processing Plant Owners' Gas, and
>
> B. By product, the volumes of such Plant Products allocated between the Plant Owners, and
>
> C. By product, the actual value received by Conoco for such Plant Products allocated to it and the basis upon which the actual value is computed.

Interrogatory No. 3 to Amoco is identical except that "Amoco" is substituted for "Conoco", and vice versa. Although not willing to waive its objection to Interrogatory No. 3 as being oppressive and unduly burdensome, Amoco undertakes to answer the interrogatory. Conoco makes similar objections, and also argues that the expense of producing the answers sought by Plaintiff should be borne by Plaintiff at this time.

> **Interrogatory No. 4.** To the extent that Conoco's response to Request for Admission No.3 is anything other than an unqualified admission, please state:
>
> A. Conoco's annual actual costs and expenses for operation of the New Blanco Plant;

  B. Conoco's annual share (volumes and values) of Plant Product retained from El Paso Gas;

  C. The amount of any settlement payments (cash or in-kind) received by Conoco from El Paso related to the New Blanco Plant; and

  D. Conoco's total capital cost basis in the New Blanco Plant, including the dates upon which the capital costs were incurred and for what purpose.

Interrogatory No.4 to Amoco is identical except that "Amoco" is substituted for "Conoco", and vice versa.

  Conoco and Amoco object to Interrogatory No. 4 asserting it is burdensome, oppressive (Amoco), and overly broad (Conoco). Amoco agrees to produce the information sought and Conoco agrees to "produce such documents on a sampling basis as agreed by the parties." I am not privy to any such agreements.

  It may be determined later that some or all of the expense of retrieving information from Defendants' electronic records should be borne by Plaintiff; however, I will not shift the burden of such prospective expenses at this time. However, the parties should confer to ascertain whether the interrogatories in question and the work in connection with responding to those interrogatories can be modified so as to economize without depriving Plaintiff of information actually necessary to the development and presentation of its case. Reasonableness of the requested information and the methodology utilized in producing the information, as well as the cost involved in producing that information, may be considered when determining how the expense of producing the information ultimately should be borne.

CONCLUSION.

Notwithstanding the representations made in connection with the objections that the answering of the four interrogatories propounded respectively to Defendants Conoco and Amoco would be unduly burdensome, I find that the information sought should be discoverable in the preparation of this law suit. Defendants Amoco and Conoco shall proceed to assemble the information called for in response to Plaintiff's interrogatories 1-4 so as to respond to these interrogatories on or before January 31, 2002[1].

**IT IS SO ORDERED.**

_____
UNITED STATES MAGISTRATE JUDGE

---

[1] Defendant Conoco makes claims about the time required for production of the information sought which indicate that more time than is usually allowed is necessary to prepare a response to the interrogatories in question; accordingly, I am allowing more time. Defendants should not expect such latitude if they are found to be engaging in delaying tactics with respect to discovery.