IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ELLIOTT INDUSTRIES LIMITED
PARTNERSHIP, a New Mexico
Limited Partnership,

    Plaintiff,

vs.                                      Civ. No. 00-655 JC/WWD ACE

CONOCO INC., a Delaware corporation,
AMOCO PRODUCTION COMPANY, a
Delaware corporation, and AMOCO ENERGY
TRADING CORP., a Delaware corporation,

    Defendants.

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court upon Defendant Conoco's Motion for Clarification of Discovery Obligation Concerning Plaintiff's Interrogatory No. 1[1] (hereinafter "**No. 1**") [docket no. 223]. The motion was fully briefed as of January 28, 2002. Conoco has strongly

---

[1] **Interrogatory No. 1:** To the extent that Conoco's response to Request for Admission No. 1 is anything other than an unqualified admission, for each year that the New Blanco Plant has processed Conoco Gas, please state for each and every royalty or overriding royalty owner receiving royalty payments for natural gas liquids ("NGLs") recovered at the New Blanco Plant from Conoco Gas, the following:

    A. Identify by well, lease and/or furnish property name and number (internal and federal/state/fee):
        (1) The owner name:
        (2) The owner number; and
        (3) the owner net revenue interest; and

    B. For each, state the amount of monthly NGL royalty payment made and the NGL volumes for which payments were made.

protested that answering **No. 1** would be extraordinarily expensive and time consuming; consequently, when I granted Plaintiff's motion to compel directed in part to **No. 1**, I indicated that "[t]he parties should confer to ascertain whether the interrogatories in question can be modified so as to economize without depriving Plaintiff of information necessary to the presentation of its case." The parties have conferred and **No. 1** remains like indigestion. Conoco has offered to provide the information sought in **No. 1** for October 2001, and for the month of December "for each year for which Conoco has retained royalty accounting records, for a total of approximately 10-15 months." In ¶¶ 3-4 of its Motion and Supporting Memorandum for Approval of Class Notice, Plaintiff indicates that the information Conoco proposes to provide is sufficient for the purpose of class notice when combined with certain notice by publication. In its response to the instant motion, Plaintiff indicates that they would agree "to modify Interrogatory No. 1 if Conoco would eliminate the need for information now requested by waiving its defense that each member of the Class be required to individually prove damages and that they satisfied the amount in controversy". If Plaintiff prevails there may indeed come a time when individual claims must be considered. In view of the ruling by the Honorable John Edwards Conway that for the purpose of satisfying the jurisdictional amount required in this suit the claims of the individuals would be *aggregated,* it is not necessary at this time to get into the detailed discovery sought by Plaintiff; however, such information as would be used in computing the aggregate of the claims for each of the years involved should be produced forthwith. Conoco should also expand the identification of its historic royalty payees by promptly providing to Plaintiff " the identity (by name, address, and owner number) of all class members whom it believes it has made royalty payments for natural gas liquid processed at the New Blanco Plant in any year in which it has existing records – some 4,863 persons or entities". Ruling on the questions of whether such

individually detailed information must ultimately be provided, and who should bear the expense of developing the information will be deferred. To the extent that this Memorandum Opinion and Order may modify or limit my previous discovery orders concerning Interrogatory No.1, those orders are superceded by this Order.

Discovery should proceed in accordance with the foregoing.

**IT IS SO ORDERED.**

_____
UNITED STATES MAGISTRATE JUDGE