IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ELLIOTT INDUSTRIES LIMITED
PARTNERSHIP, a New Mexico
Limited Partnership,

        Plaintiff,

vs.                                                   Civ. No. 00-655 JC/WWD ACE

CONOCO INC., a Delaware corporation,
AMOCO PRODUCTION COMPANY, a
Delaware corporation, and AMOCO ENERGY
TRADING CORP., a Delaware corporation,

        Defendants.

## MEMORANDUM OPINION AND ORDER

       This matter comes before the Court upon Defendants' Joint Motion for Leave to Depose Certain Class Members[1] (Docket # 249) filed March 8, 2002. Defendants seek leave to take the depositions of eight non-named class members whom Defendants have chosen. The eight would be deponents are the State of New Mexico, Union Oil Company of California, Chase Oil Company, the Carey Estate, The Henrietta Scholtz Trust, Tom Dugan, Bob Bayless, and Betty West Stedman. Defendants point out that allowing discovery of unnamed class members in a class action is discretionary. Defendants suggest that it would be helpful to determine if the proposed deponents knew of the 39% processing fee, and that when they knew of it would have a significant impact on Defendants' defenses of laches and the statute of limitations. Defendants also argue that the sought discovery could be used to address the question of whether their processing and marketing fees were excessive and unreasonable.

---

      [1]Plaintiff's Motion for Protective Order in their Response is not addressed in this opinion.

The Plaintiff Class (hereinafter "Plaintiffs") argue that the taking of depositions of absent or unnamed plaintiffs is irregular, and that such discovery requires a strong showing. Plaintiffs also point out that Defendants have failed to provide the discovery sought by Plaintiffs as to what notice was given by Defendants of the marketing fees being assessed against Plaintiffs.

The arguments made by each side were both more scholarly and more prolix than what I have set out above; nevertheless, the outline I have given is sufficient for the discussion I need to make.

*Discussion.*

From the cases cited by the parties I do not think it is much of a stretch to allow some limited discovery under certain circumstances in a class action. In the present case, however, I do not find that it would be a proper exercise of my discretion to allow the discovery sought. I question the reason for picking the particular unnamed Plaintiffs for depositions. Additionally, I do not find that the proposed depositions are presently necessary for the Defendants' preparation of their defenses to the Plaintiffs' allegations of fraudulent concealment; particularly, when the Defendants may not have been forthcoming in disclosing just what notices were given by them with respect to the charges and fees in question.

**WHEREFORE,**

**IT IS ORDERED** that Defendants' Joint Motion for Leave to Depose Certain Class Members be, and it is hereby, **DENIED.**

_____
UNITED STATES MAGISTRATE JUDGE