# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

ELLIOTT INDUSTRIES LIMITED
PARTNERSHIP, a New Mexico
Limited Partnership, and Plaintiff Class,

      Plaintiffs,

vs.                                                                                                                           Civ. No. 00-655 JC/WWD (ACE)

CONOCO INC., a Delaware corporation,
AMOCO PRODUCTION COMPANY, a
Delaware corporation, and AMOCO ENERGY
TRADING CORP., a Delaware corporation,

      Defendants.

## MEMORANDUM OPINION AND ORDER DENYING
## AMOCO DEFENDANTS' MOTION FOR PROTECTIVE ORDER AND
## GRANTING IN PART PLAINTIFFS' MOTION TO COMPEL DISCOVERY

THIS MATTER comes before the Court on Amoco Defendants' Motion for Protective Order **[Doc. 275]**, filed April 12, 2002 and Plaintiffs' Motion to Compel Discovery from Defendant Amoco **[Doc. 277]**, filed April 15, 2002. The parties' motions involve three Requests for Production, Request Nos. 129, 130 and 131, contained in Plaintiff's Second Set of Interrogatories and Fifth Request for Production of Documents to Defendant Amoco. The Amoco Defendants ("Amoco") seek a protective order concerning these requests. Plaintiffs seek to compel Amoco to produce the documents requested. The Court, having reviewed the parties' motions, memoranda and exhibits, and the relevant authorities, finds that Defendants' motion is not well taken and will be denied, and that Plaintiffs' motion is well taken in part and will be granted in part.

**Request for Production No. 129**

Request for Production No. 129 requests that Amoco produce:

> "[w]ith respect to any Class Member upon which Amoco contends it should be permitted to conduct individual discovery, including deposition, . . . all documents relating to any business relationships or transactions to which Amoco and the . . . Class Member . . . are, or have been, parties during the period covered by this lawsuit."

Amoco Defs.' Resps. to Pl.'s Second Set of Interrogs. and Fifth Req. for Produc. of Docs. ("Amoco Resps. to Pl.'s RFPs"), Ex. A to Defs.' Mot. for Protective Order.

Amoco has sought leave to depose certain members of the Plaintiff Class. See **[Doc. 249]**. The Court has denied Amoco's request to depose these Class Members. See Mem. Op. and Order **[Doc. 270]**, filed April 4, 2002; Order Granting Class' Mot. for Protective Order **[Doc 292]**, filed April 23, 2002.[1] Plaintiffs argue that, if Amoco is ultimately permitted to depose the Class Members, it should produce the documents sought by Request No. 129. Amoco argues that, in the event that Class Member depositions are allowed, Plaintiffs should be limited to documents obtained pursuant to subpoenas duces tecum. However, insofar as Amoco is currently prohibited from deposing individual Class Members, the parties' arguments are moot regarding this issue. Accordingly, the Court will deny both parties' motions as moot with respect to Request No. 129.

---

[1] Amoco has filed objections to the Court's orders denying leave to conduct these depositions. **[Docs. 273, 308]**.

2

**Request for Production No. 130**

In Request No. 130, Plaintiffs seek to obtain "Amoco's reserve reports for each and every Amoco natural gas producing property in the San Juan Basin." Amoco Resps. to Pl.'s RFPs, Ex. A to Defs.' Mot. for Protective Order. Amoco objects to producing these documents, claiming that they are not relevant to this lawsuit and contain highly sensitive, proprietary information that cannot be adequately protected by the confidentiality order that is currently in place.

Plaintiffs explain that the documents requested are likely to provide evidence as to the "future period of time over which Amoco will be able to continue bringing gas from these leases . . . and, therefore, continue its wrongdoing to the Class." Pl. Class's Resp. to Amoco Mot. for Protective Order **[Doc. 299]** at 5. Plaintiffs contend that this evidence is relevant because "it relates to the Class's claim for injunctive relief and the value of that claim to the Class." Id. For example, Plaintiffs imply that they need the reserve reports because Amoco denies the existence of reserves sufficient to continue operating the Plant for 75 years. Pls.' Resp. to Amoco's Mot. for Protective Order at 5. However, without indicating a specific number of years, Amoco concedes that there are adequate reserves "for several years." Amoco's Answer to Second Am. Compl. ¶ 71 **[Doc. 111]**. Moreover, in his Order certifying the Plaintiff Class, Judge Conway found that "the Class members had a good faith basis for pleading the amounts in controversy." Class Certification Order at 4, filed Sep. 12, 2001 **[Doc. 193]**. Thus, Plaintiffs have no immediate need of this information for the purpose of addressing the issue of whether the amount in controversy is satisfied. Accordingly, the Court finds that Plaintiffs' motion to compel and Amoco's motion for protective order are premature with respect to Request No. 130, and both parties' motions will be denied at this time.

**Request for Production No. 131**

Request for Production No. 131 requests:

> For every Amoco employee who currently holds, or has held, the position or the equivalent job responsibility of, 1) Director of NGL Marketing; or 2) NGL Business Unit; or 3) San Juan Basin Business Unit; or 4) Supply Representative for the West Team; or 5) Director of the West Team, please produce all documents reflecting the following information for the period covered by this litigation:
>
> (a) Annual performance goals, projections and objectives, and
> (b) Annual internal review and evaluation of performance, including all analysis of profitability for all planned business activities; and
> (c) Annual performance bonuses; and
> (d) All internal performance standards, practices and procedures used for goal setting and/or review and evaluation of performance.

Amoco Resps. to Pl.'s RFPs, Ex. A to Defs.' Mot. for Protective Order. Plaintiffs contend that Request No. 131 seeks information related "to the business goals of Amoco's intracompany departments, business units and individuals responsible for Amoco's NGL marketing activities with third parties." Pls.' Resp. to Amoco's Mot. for Protective Order at 8. Plaintiffs also contend that the information relates to the profitability of plant operations and marketing activities, which, in turn, are relevant to the issues of pricing, Amoco's marketing fee and the reasonableness of the 39% NGL processing fee. Id.[2] Amoco objects to producing these

---

[2] Plaintiffs cite portions of the deposition testimony of Kerry Upperton and George Fereday in support of their argument. See Upperton dep. at 132:16-133:22, Ex. B, Pls.' Mot. to Compel (explaining that individual performance documents contain "key objectives" that are typically linked to group performance contracts that set forth profitability goals; these objectives include financial objectives if the individual's position involves "some level of commercial responsibility"); Fereday dep. at 65:3-6, Ex. C, Pls.' Mot. (stating that he includes goals and objectives related to the New Blanco plant in his performance plan).

documents, claiming they are not relevant to the issues in this lawsuit and that the Request seeks sensitive and private personnel information.[3]

A party objecting to discovery bears the burden of substantiating its objections. Oleson v. Kmart Corp., 175 F.R.D. 560, 565 (D.Kan. 1997) (citing Peat, Marwick, Mitchell & Co. v. West, 748 F.2d 540 (10th Cir. 1984)). Moreover, "confidentiality generally does not constitute grounds to withhold information from discovery." Daneshvar v. Graphic Tech., Inc., Memorandum and Order, available at, 1998 WL 726091, at *6 (D.Kan. Oct. 9, 1998) (citations omitted). I note that Request No. 131 does not seek the entire personnel file of any employee. Moreover, although Request No. 131 refers to "the period covered by this litigation," it seeks information regarding no more than five (5) positions at Amoco. In addition, a Confidentiality Order has been entered in this case to address the handling of confidential documents that are produced and exchanged in the course of discovery. See **[Doc. 75]**. The Court concludes that Plaintiffs have demonstrated that Request No. 131 seeks information that is relevant to the issues in this lawsuit or calculated to lead to the discovery of admissible evidence. The Court also finds that Amoco has not demonstrated sufficient cause for prohibiting discovery of the documents that Plaintiffs seek in Request No. 131. Accordingly, with respect to Request No. 131, Amoco's motion for protective order shall be denied and Plaintiffs' motion to compel shall be granted.

Nevertheless, the Court recognizes Amoco's concern regarding the production of sensitive employee information. Therefore, the following conditions shall apply with respect to the

---

[3] Amoco did not initially object to Request No. 131 as burdensome. Thus, Amoco's argument based on undue burden is waived. See Bradley v. Val-Mejias, Memorandum and Order, (D.Kan. Oct. 9, 2001) (unpublished), available at, 2001 WL 1249339, at *4 (citations omitted). Moreover, I am not persuaded by Defendants' argument that responding to this request would impose an undue burden.

5

production of documents pursuant to Request No. 131.  Amoco need not produce any employee information with respect to a position that does not involve some level of commercial or financial responsibility.  In addition, Amoco need not produce, or may redact, any employee information listed in categories (a) through (d) of the request, if that information is not related to business goals, marketing activities, pricing, profitability or financial objectives.[4]  Amoco may produce documents that contain confidential or sensitive personal information under the provisions of the Confidentiality Oder.  Finally, the parties are advised that it may facilitate the process if they confer in an attempt to reach agreement with regard to redacting personal or sensitive information that may be contained in the documents produced.

WHEREFORE,

IT IS ORDERED that Amoco Defendants' Motion for Protective Order **[Doc. 275]** and Plaintiffs' Motion to Compel Discovery from Defendant Amoco **[Doc. 277]** are DENIED as moot with respect to Request for Production No. 129.

IT IS FURTHER ORDERED that Amoco Defendants' Motion for Protective Order **[Doc. 275]** and Plaintiffs' Motion to Compel Discovery from Defendant Amoco **[Doc. 277]** are DENIED with respect to Request for Production No. 130.

IT IS FINALLY ORDERED that Amoco Defendants' Motion for Protective Order **[Doc. 275]** is DENIED with respect to Request for Production No. 131; Plaintiffs' Motion to Compel

---

[4] For example, performance goals or evaluations addressing an employee's personal appearance, social skills, or punctuality are not responsive to Request No. 131 and may be redacted.

Discovery from Defendant Amoco **[Doc. 277]** is GRANTED with respect to Request for Production No. 131 under the conditions set forth in this opinion.

                                                                     */s/*
UNITED STATES MAGISTRATE JUDGE