IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ELLIOTT INDUSTRIES LIMITED
PARTNERSHIP, a New Mexico
Limited Partnership, and Plaintiff Class,

       Plaintiffs,

vs.                                                        Civ. No. 00-655 JC/WWD (ACE)

CONOCO INC., a Delaware corporation,
AMOCO PRODUCTION COMPANY, a
Delaware corporation, and AMOCO ENERGY
TRADING CORP., a Delaware corporation,

       Defendants.

**MEMORANDUM OPINION AND ORDER GRANTING IN PART
PLAINTIFF CLASS' MOTION FOR ORDER PROHIBITING COMPROMISE
OF CLASS CLAIMS AND REGULATING COMMUNICATIONS**

      THIS MATTER comes before the Court on Plaintiff Class' Motion for Order Prohibiting Compromise of Class Claims and Regulating Communications and for Expedited Briefing, filed April 26, 2002 **[Doc. 295]**. After reviewing the parties' submissions, the Court has determined that a hearing is not necessary at this time and Plaintiffs' request for a hearing is denied. The Court, having reviewed the motion, memoranda, exhibits and relevant law, finds that Plaintiffs' motion is well taken in part and will be granted in part.

      This controversy arose when Plaintiffs' counsel became aware that Price-Waterhouse-Coopers ("PWC"), on behalf of BP America, Inc. ("Amoco"), mailed a letter to certain overriding royalty interest owners. The letter, dated April 19, 2002, informs the addressee that:

> [Amoco] has determined that, in certain New Mexico San Juan Basin
> properties, your overriding royalty value should be calculated on the same
> basis as Federal royalty. This means your overriding royalty calculation
> should be based on the same allowance rates for processing and

> transportation costs as Federal royalty rather than certain contract based rates. The current valuation method will change effective with February 2002 production.
>
> We are in the process of determining any additional overriding royalty amount you may be entitled to for past periods due to this difference in valuation. You will be notified of the results of that review when our analysis is complete.
>
> If you have questions related to this information, please direct your letter to the address provided below: Royalty Owner Relations, P.O. Box 21063, Tulsa, OK 74121-1063.

Plaintiffs allege that in sending the April 19, 2002 letter, Amoco "engaged in an ex-parte communication with these Class members for the specific purpose of compromising the[] Class claims . . . . in violation of Rule 23(e)[1]." Pl. Class' Mot. at 2-3. Defendant Amoco may communicate with its royalty interest owners, who are also Class Members, "in the ordinary course of business, so long as the communications do not relate to the claims involved in the litigation." Resnick v. American Dental Ass'n, 95 F.R.D. 372, 377 (N.D. Ill. 1982). Here, it is undisputed that Defendant's counsel did not personally contact any Class Member. However, it is not clear whether, or to what extent, Amoco's counsel may have been involved in advising Amoco or PWC with respect to the drafting and/or mailing of the April 19 letter.[2]

On the one hand, the April 19 communication appears to be a letter written "in the

---

[1] Rule 23(e) states that "[a] class action shall not be dismissed or compromised without the approval of the court." FED. R. CIV. P. 23(e).

[2] The Court strongly cautions Amoco's counsel to adhere to its ethical responsibilities which prohibit counsel from communicating about the subject of representation with a party the attorney knows to be represented by another attorney. I remind counsel that this responsibility may not be circumvented by causing another person to communicate with a party on the attorney's behalf. Nor may counsel abdicate its duty to advise its client against engaging in improper communications with Class Members. See Impervious Paint Indus., Inc. v. Ashland Oil, 508 F.Supp. 720, 723 (W.D. Ky. 1981).

ordinary course of business" with the intent to inform certain royalty interest owners that Amoco is changing the method of calculating royalty payments. On the other hand, one of the primary issues raised in this lawsuit concerns the method of calculation of royalty payments. Thus, the content of the letter also appears to "relate to the claims involved in the litigation." Moreover, whether intended or not, the letter may encourage royalty owners to seek additional information, including information related to the subject matter of the current lawsuit, from an Amoco representative. See April 19, 2002 letter from PWC (directing letter recipients who "have questions related to this information [to] . . . direct your letter to the address provided") (emphasis added).

Plaintiffs allege that the April 19 letter is an attempt to compromise the Class claims in violation of Rule 23(e) and that the content of the letter will confuse and mislead the Class Members. Plaintiff requests the Court to grant the following relief to remedy the alleged harm caused by the April 19 letter: (1) prohibit Amoco from attempting to settle or compromise any of the Class claims without first communicating same to Class counsel and obtaining the Court's approval, (2) require that a curative notice be sent to all Class Members who were sent the April 19 letter and that Amoco bear the expense of same, (3) require Amoco to turn over to Class counsel any and all communications to date between Amoco and any Class member relating to the matters discussed or raised in the April 19 letter, (4) require Amoco to refer any future Class Member contacts on this issue directly to Class counsel, and (5) prohibit Amoco from initiating any communications with any Class Members regarding the subject matter of this lawsuit. See Mem. in Support of Pls.' Mot. at 10-11.

On its face, the April 19 letter does not appear to be an offer of settlement or dismissal.

Nor does it appear to be an attempt to pressure or coerce Class Members with respect to the pending litigation. Indeed, the letter does not mention the lawsuit at all. However, the Court is concerned about the potential for confusion, coercion and/or compromise that may arise with continued and unregulated communications between Defendant Amoco and Class Members related to the subject matter of the pending litigation. Therefore, the Court shall grant Plaintiffs' motion in part, in accordance with the conditions set forth below.

Amoco has agreed to comply with Plaintiffs' request (3), and the Court so orders. See Letter from P. Glantz to J. Eaves, dated April 26, 2002, Ex. A to Amoco's Opp'n to Pls.' Mot. (Defense counsel stated that it "will provide [to class counsel] a list of the recipients of the April 19, 2002 communication and [] will supplement [Amoco's discovery] response[s] to update any communications [Amoco] receives from royalty owners."). With respect to Plaintiffs' requests (2) and (4), Defendant Amoco shall, at its own expense, send a supplemental notice to all Class Members who were sent the April 19 letter. The notice shall inform the recipient that the April 19 letter discussed a change in Amoco's method of calculating the owner's royalty payments, and that the calculation of royalty payments is the subject matter of the current class action lawsuit. The notice shall also include the name and contact information for Class counsel.[3] Finally, with respect to those Class Members who contact Amoco in the future on this issue, Amoco may choose to refer them directly to Class counsel, or, alternatively, Amoco may respond to future Class Member inquiries, so long as the inquiries themselves and Amoco's proposed replies are furnished to opposing counsel before being provided to the Class Member. The Court finds that it

---

[3] The parties may find it helpful to confer regarding the form of notice to be sent to the Class Members.

unnecessary to address Plaintiffs' requests (1) and (5) at this time.

WHEREFORE,

IT IS ORDERED that Plaintiff Class' Motion for Order Prohibiting Compromise of Class Claims and Regulating Communications and for Expedited Briefing **[Doc. 295]** is GRANTED in part, in accordance with the conditions set forth in this opinion; Plaintiff Class' request for expedited briefing is DENIED as moot.

_____
UNITED STATES MAGISTRATE JUDGE