# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

ELLIOTT INDUSTRIES LIMITED PARTNERSHIP,
a New Mexico limited partnership,

      Plaintiff,

vs.                                                  CIV No. 00-0655 JC/WWD

CONOCO INC., a Delaware corporation;
AMOCO PRODUCTION COMPANY, a
Delaware corporation; and AMOCO
ENERGY TRADING CORPORATION,
a Delaware corporation,

      Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on Defendants' Objection to Magistrate Judge's Order Denying Defendants' Joint Motion for Leave to Depose Certain Class Members (Defendants' Objection), filed April 8, 2002 (*Doc. 273*), and Defendants' Objection to Magistrate Judge's Protective Order Relating to Depositions of Certain Class Members, filed May 1, 2002 (*Doc. 308*). Upon reviewing the motions, the memoranda and all relevant authorities, the Court finds Defendants' motions not well taken, and they are, therefore, denied.

Upon the dictates of Rule 72(a) of the Federal Rules of Civil Procedure, a district court will only modify or set aside an order from a magistrate judge if the court determines that it is clearly erroneous or contrary to law. *See* FED. R. CIV. P 72(a); *see also Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1461-62 (10th Cir. 1988). An order is clearly erroneous when "although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm

conviction that a mistake has been committed." *Anderson v. City of Bessemer City,* 470 U.S. 564, 573 (1973)(citing *United States v. United States Gypsum Co.,* 333 U.S. 364, 395 (1948)).

In the present case, Defendants challenge two rulings by the Magistrate Judge: (1) that they are not permitted to depose absent class members, and (2) granting Plaintiff's motion for a protective order. The Magistrate Judge enunciated two reasons for his ruling regarding the first ruling: (1) "I question the reason for picking the particular named Plaintiffs;" and (2) "I do not find that the proposed depositions are presently necessary for the Defendants' preparation of their defenses...." *See* Memorandum Opinion and Order, filed April 4, 2002 (*Doc. 270).* As Defendants concede, this ruling is solely within the court's discretion. *See Schwartz v. Celestial Seasonings, Inc.* 185 F.R.D. 313, 316 (D. Colo. 1999).

The Magistrate Judge's discretion is linked to the question of whether there are any special circumstances requiring discovery of absent class members. *See Clark v. Universal Builders, Inc.* 501 F.2d 324, 341 (7th Cir. 1974). In this case, Defendants have not demonstrated to this Court any such special circumstances. First, although there may not be anything specific in the record indicating that Defendants have a sinister motive for choosing these unnamed class members, there is also nothing in the record indicating a special circumstance necessitating such deposition testimony. Second and related, Defendants claim that the depositions of these absent class members are critical to their defense against Plaintiff's fraudulent concealment claim. *See* Defendants' Objection at 2. Yet, Plaintiff contends that Defendants have continually failed to produce any evidence that they had given Class members actual notice that they are being assessed a 39% processing fee. *See* Class' Response to Defendants' Joint Objection to Magistrate Judge's Order Denying Defendants' Joint Motion for Leave to Depose Certain Class Members, filed April 17, 2002, 3 (*Doc. 284*). Plaintiff's response

2

indicates that Defendants either have little or no defense against the fraudulent concealment claim, or they are using obstructionist tactics in their defense. The Court, thus, can find no special circumstance necessitating a finding that the Magistrate Judge's first ruling is erroneous. Furthermore, because the issues are the same regarding both orders, this Court finds that the Magistrate Judge's second ruling regarding Plaintiff's motion for a protective order is not erroneous.

Wherefore,

IT IS ORDERED that Defendants' Objection to Magistrate Judge's Order Denying Defendants' Joint Motion for Leave to Depose Certain Class Members, filed April 8, 2002 (*Doc. 273*) is **DENIED**.

IT IS FURTHER ORDERED that Defendants' Objection to Magistrate Judge's Protective Order Relating to Depositions of Certain Class Members, filed May 1, 2002 (*Doc. 308*) is **DENIED**.

DATED June 27, 2002.

_____
SENIOR UNITED STATES DISTRICT JUDGE

Attorneys for Plaintiff:

    Paul Bardacke, Esq.
    John M. Eaves, Esq.
    Derek V. Larson, Esq.
    Eaves, Bardacke, Baugh, Kierst & Kiernan, P.A.

    Albuquerque, New Mexico

and

    Mary E. Walta, Esq.
    White, Koch, Kelly & McCarthy, P.A.
    Santa Fe, New Mexico

Attorneys for Defendant Conoco:

    Scott S. Barker, Esq.
    Perry L. Glantz, Esq.
    Holland & Hart, LLP
    Greenwood Village, CO

Attorneys for Defendant Amoco:

    Michale B. Campbell, Esq.
    Robert J. Sutphin, Esq.
    Holland & Hart, LLP
    Campbell & Carr
    Santa Fe, New Mexico