IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ELLIOTT INDUSTRIES LIMITED
PARTNERSHIP, a New Mexico
Limited Partnership,

       Plaintiff,

vs.                                                              Civ. No. 00-655 JC/WWD (ACE)

CONOCO INC., a Delaware
corporation, AMOCO PRODUCTION
COMPANY a Delaware corporation,
and AMOCO ENERGY TRADING
CORP., a Delaware corporation,

       Defendants.

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court upon Plaintiff's Motion to Compel Production of Documents Responsive to Class' Eighth Request for Production and Fourth Set of Interrogatories to Defendant Conoco [docket no. 396]. By a letter dated July 25, 2002, Plaintiff informed the Court that "the Class will not pursue its motion to compel with regard to Request for Production No. 186, only." In its reply filed in connection with the instant motion, Plaintiff indicated that it wishes to withdraw the motion as to all other requests for production, leaving only Interrogatory No. 10 to be dealt with. Interrogatory No. 10 reads as follows, to wit:

> Please state whether during Conoco's settlement negotiations with El Paso which culminated in the 1984 Settlement, retention by the Plant owners of any volumes of NGL's other than the 39% included in the 1984 Settlement was discussed, proposed or considered in any manner? If so, what were those other volumetric amounts? Please identify Conoco personnel, current and former, with the best knowledge of these matters.

-1-

Conoco objects to the "interrogatory" on the basis that it is compound and to the extent that it seeks information subject to the attorney/client privilege or attorney work product privileges. Conoco then proceeds to identify the personnel with knowledge of the matters mentioned in the interrogatory.

Given the nature of the activities involved in the 1984 settlement between Conoco and El Paso, I find that it is almost entirely likely that a major part of the discussions would be protected as attorney work product or by the attorney/client privilege. Accordingly, I will not order any further response to Interrogatory No. 10.

**WHEREFORE,**

**IT IS ORDERED** that Plaintiff's Motion to Compel Production of Documents Responsive to Class' Eighth Request for Production and Fourth Set of Interrogatories to Defendant Conoco [docket no. 396] be, and it is hereby, DENIED.

_____
UNITED STATES MAGISTRATE JUDGE