IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ELLIOTT INDUSTRIES LIMITED
PARTNERSHIP, a New Mexico
Limited Partnership,

       Plaintiff,

vs.                                                Civ. No. 00-655 JC/WWD (ACE)

CONOCO INC., a Delaware
corporation, AMOCO PRODUCTION
COMPANY a Delaware corporation,
and AMOCO ENERGY TRADING
CORP., a Delaware corporation,

       Defendants.

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court upon Defendants' Joint Motion to Compel Production of Documents Responsive to Defendants' Joint Requests Nos. 1, 2, 3 and Motion for Expedited Treatment [docket no. 383] filed June 24, 2002. The request for documents consists of three requests for production which are set out below, to wit:

> JOINT REQUEST FOR PRODUCTION NO. 1: Please produce all gas purchase, gas gathering and gas processing agreements between Elliott Industries LP, Elliott Oil Co. or related entities and El Paso Natural Gas Co., El Paso Field Services or related entities, including all Gas Gathering and Production Area Services Agreements (GPAS) for the San Juan Production Area for the time period from January 1, 1987 to the present.

Plaintiff objects "to Joint Request No. 1 on the basis that it is vague, overly broad, and outside the scope of discovery permitted under F.R.C.P. 26." Plaintiff claims that it does not

know what the Defendants consider to be "related entities" to El Paso Natural Gas Co. and El Paso Field Services. Plaintiff also infers that it does not understand what is meant by the "San Juan Production Area", and that the materials sought in Joint Request for Production No. 1 do not deal with the overriding royalty interest and working interest which are the subject of this lawsuit.

Joint Request for Production No. 2 reads as follows:

> JOINT REQUEST FOR PRODUCTION NO. 2: Please produce all well and volume statements for natural gas coveyed by Elliott Industries LP, Elliott Oil Co. or related entities to El Paso Natural Gas, El Paso Field Services or related entities.

Plaintiff makes the same objections as to Joint Request for Production No. 1 and also point out that Joint Request No. 2 is unlimited as to either time, place, or type of natural gas.

Joint Request for Production No. 3 reads as follows:

> JOINT REQUEST FOR PRODUCTION NO. 3: With the exception of gas purchase, gathering and processing agreements with the Defendants and the documents requested by joint requests number 1 and 2, please produce all gas purchase, gas gathering, gas processing and gas marketing agreements between Elliott Industries LP and its related entities and any other companies or entities, to include B. Charles Rogers Company and Aquila Energy, including any of Aquila's corporate parents or affiliates.

Plaintiff restates its previous objections plus pointing out that it does not know "to whom Aquila's corporate parents or affiliates" refers.

## *Discussion*

I do not agree that Joint Request for Production No. 1 is vague, overly broad, or outside the scope of discovery permitted under the rules. Plaintiff should respond to Joint Request No. 1

by making the production called for with respect to El Paso Natural Gas Co., El Paso Field Services, and such other entities as Plaintiff knows to be "related entities" to those two corporations. While gas purchased by El Paso may not be the subject of this lawsuit, industry practices, including charges made, are definitely part of the material covered by this lawsuit; accordingly, this "relevance" objection is not well taken.

Joint Request for Production No. 2 is impermissibly broad since it "is unlimited as to either time, place, or type of natural gas." Accordingly, no response will be required to Joint Request for Production No. 2.

Joint Request for Production No. 3 has the same vices as Joint Request for Production No. 2, and no response will be required to this request.

Plaintiff shall serve on Defendants the materials sought in Joint Request for Production No. 1 on or before August 27, 2002.

In the absence of any persuasive showing that a further deposition of Steve Elliott is necessary, and considering the length of time taken in his first deposition, I find that Plaintiff's Motion for Protective Order [404] is well taken insofar as Steve Elliott is concerned, and that no further deposition of him should be permitted.

Discovery shall proceed in accordance with the foregoing.

**IT IS SO ORDERED**.

_____
UNITED STATES MAGISTRATE JUDGE