IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ELLIOTT INDUSTRIES LIMITED
PARTNERSHIP, a New Mexico
Limited Partnership,

       Plaintiff,

vs.                                                          Civ. No. 00-655 LH/WWD (ACE)

CONOCO INC., a Delaware
corporation, AMOCO PRODUCTION
COMPANY a Delaware corporation,
and AMOCO ENERGY TRADING
CORP., a Delaware corporation,

       Defendants.

## MEMORANDUM OPINION AND ORDER

       This matter comes before the Court upon Class' Motion to Compel Production of Documents and For Sanctions Against Defendant Conoco and for Expedited Briefing [docket no. 447] filed July 23, 2002.

### *Plaintiff's Motion.*

       The motion seeks production of "Conoco's Operating Expense Reports showing actual costs of processing conventional gas at the New Blanco Plant" and also "the information needed to make the data compilations in Conoco's O&O reports usable". Plaintiff argues that the undertaking by Conoco to produce "responsive sample documents at a mutually agreed time and place" in its response to Request for Production No. 21 from Plaintiff as well as Conoco's undertaking to "produce responsive sample documents at a mutual agreed time and place" upon entry of a mutually agreed upon confidentiality order in connection with Request for Production

No. 43 amounted to an undertaking on the part of Conoco to furnish the operating expense reports and "reasonably usable" data compilations which were used in Conoco's O&O reports. Plaintiff notes that the responses to Request Nos. 21 and 43 were served on November 7, 2000, but that as of the filing of the instant motion [on July 23, 2002] Conoco had failed to produce any of its "operating expense reports". Plaintiff then points to its Request for Admission No. 13 which, together with Conoco's response to that request, is set out as follows, to wit:

> Request for Admission No. 13: Please admit that Conoco's pro rata share of the actual cost and expenses for construction and operation of the New Blanco Plant to date have not exceeded the total value received to date by Conoco for its share of the plant products retained by the plant owners as remuneration for processing El Paso Gas, together with any settlement payments made by El Paso to Conoco related to the New Blanco Plant.
>
> Response to Request for Admission No. 13 : Conoco is unable to admit or deny the request based on reasonable inquiry because Conoco has not performed the requested calculations in the regular course of business and certain items may be subject to multiple interpretations. See response to interrogatory no. 4.

Interrogatory No. 4 and the response thereto by Conoco are set out below as follows:

> Interrogatory No. 4: To the extent that Conoco's response to Request for Admission No. 13 is anything other than an unqualified admission, please state: (1) Conoco's annual actual cost and expenses for operation of the New Blanco Plant; (2) Conoco's annual share (volumes and values) of plant products retained from El Paso Gas; (3) the amount of any settlement payments (cash or in kind) received by Conoco from El Paso related to the New Blanco Plant.
>
> Response to Interrogatory No. 4. Pursuant to Rule 33(d) Conoco will produce documents for inspection and copying that contain the requested information.

When Conoco failed to produce "operating expense reports" Plaintiff sought and obtained an order from the Court granting its second motion to compel; nevertheless, Conoco still failed to produce the "operating expense reports". Despite repeated requests, and assurances from

Conoco that production of the operating expense reports would be made, no such production was made prior to the filing of the instant motion.

***Conoco's Response to the Motion.***

Conoco indicates that "there are no documents for the Court to compel production of because Conoco has already produced four different types of documents that show Conoco's operating expenses at the New Blanco Plant." Conoco then details the production in May of 2001 of its O&O reports and it suggests that "Plaintiff had ample opportunity to seek a 30(b)(6) deposition from Conoco relating to the O&O reports but did not do so." Conoco states that at the time of the taking of the deposition of Plaintiff's expert on June 25, 2002, Conoco produced the "operating expense report" referred to in the instant motion. Conoco argues that because of this production and the other production that was made, the instant motion should be considered moot. Conoco describes numerous meetings with Plaintiff's counsel wherein discovery concerning Conoco's expenses in connection with the New Blanco Plant were discussed. Conoco claims that related production was made in connection with these discussions.

After discussing Defendants' attack on the methodology used by Plaintiff's expert before he was provided with the operating expense reports and the information to make data compilations from the O&O reports usable, Conoco concludes that "there are no documents for the Court to compel."

Finally, Conoco argues that sanctions should not be imposed against it stating "Plaintiff's motion for sanctions is based solely on Conoco's failure to produce the operating expense report that Conoco promised it would produce."

The foregoing synopsis of Conoco's responses set out above is not all inclusive of all the matters raised in Conoco's fifteen page response.

*Plaintiff's Reply.*

Plaintiff's reply in connection with the instant motion points out that the information sought in the motion has been sought since September 29, 2000 (Request for Production Nos. 21 and 43) and since March 20, 2001 (Request for Admission No. 13 and Interrogatory No. 4). Plaintiff then details the communications between counsel occurring just before and after the filing of the instant motion. Again, my synopsis of the Plaintiff's response fails to touch on a number of matters raised by Plaintiff.

*Discussion*

Notwithstanding the fact that Conoco has produced a considerable amount of information in connection with requests for production, Conoco has not been forthcoming with respect to certain critical items being sought by Plaintiff. The consequences of Conoco's delayed production or failure to produce are reflected in the criticisms made by Conoco of opinions rendered by Plaintiff's expert based on incomplete information provided by Conoco. It is understandable that Plaintiff's reaction in these circumstances is strong and accusatory. While it is difficult to filter out the truth in the querulous exchanges between counsel, I am convinced that Conoco has failed to be as forthcoming as is required by the Federal Rules of Civil Procedure involving discovery and that certain sanctions should be imposed. In doing this, I will exercise what seems to me to be the appropriate restraint given the level of contentiousness and acrimony between the parties. Restraint shown in imposing sanctions should not be misinterpreted. The delaying tactics employed by the Defendants have in some instances crossed the border of propriety applicable to

practice in this Court. If certain ordered production has already been made, it will not be necessary to duplicate that production. I defer ruling on Request for Admission No. 13.

**WHEREFORE,**

**IT IS ORDERED** that the question of sanctions is deferred.

**IT IS ORDERED** that the motion for expedited briefing is **DENIED.**

**IT IS FURTHER ORDERED** that on or before October 11, 2002, Defendant Conoco shall produce to Plaintiff all documents responsive to Plaintiff's Request for Production No. 21 and all documents responsive to Plaintiff's Request for Production No. 43.

**IT IS FURTHER ORDERED** that on or before October 11, 2002, Defendant Conoco shall produce to Plaintiff all documents for inspection and copying which contain the information sought in Plaintiff's Interrogatory No. 4.

**FINALLY, IT IS ORDERED** that Plaintiff shall furnish the undersigned with a breakdown by motion of attorney hours and charges made in connection with the motions to compel (<u>excluding</u> Plaintiff's Renewed Motion for Sanctions Against Defendant Conoco, Docket #468) filed by Plaintiff.

_____
UNITED STATES MAGISTRATE JUDGE