IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ELLIOTT INDUSTRIES LIMITED
PARTNERSHIP, a New Mexico
Limited Partnership,

       Plaintiff,

vs.                                                                        Civ. No. 00-655 LH/WWD (ACE)

CONOCO INC., a Delaware
corporation, AMOCO PRODUCTION
COMPANY a Delaware corporation,
and AMOCO ENERGY TRADING
CORP., a Delaware corporation,

       Defendants.

MEMORANDUM OPINION AND ORDER

       This matter comes before the Court upon Class' Motion for Order Regarding Deadline to Designate Rebuttal Experts filed August 28, 2002 [docket no. 543].

*Background*

       In the Scheduling Order entered December 17, 2001, deadlines were set for expert discovery; however, no deadline was set for parties to designate rebuttal experts or to provide rebuttal experts' reports. The Court was not apprized of the possibility of having rebuttal experts. Plaintiffs, in their reply, contend that since the Court has exercised its authority to schedule the timing and sequence for the expert disclosures not involving rebuttal experts that it should now set a schedule for rebuttal experts. In making the contentions, Plaintiff points out that the Defendants' experts were not available for depositions until the month of August and that at those depositions one of the experts, Dr. Kalt, significantly expanded a factor called "opportunity costs"

in his criticism of the work done by the Class' experts.  Opportunity costs had been mentioned in a footnote of Kalt's report of June 1, 2002.  Kalt also testified in his deposition that the Class was entitled only to be paid for the "raw gas" in the form in which it was produced at the well head.  Since these matters upon which Kalt was basing his opinion were mentioned in extended form for the first time at his deposition, the Class argues that it could not have known that it needed rebuttal experts until the deposition was taken.  Plaintiff goes on to point out that as of the cutoff date for disclosing rebuttal experts, July 31, 2002, under the provisions of Fed. R. Civ. P. 26(a)(2), Plaintiff would have no way of realizing the need for rebuttal experts.  In their response, Defendants "respectfully submit that a scheduling conference would be a better venue to decide the need for and, if necessary, a deadline for the designation of rebuttal expert witnesses by any party".  Defendant Conoco has now filed a surreply in which it contends that Plaintiff should not be allowed to identify rebuttal witnesses since they failed to make such identification within 30 days of receipt of Kalt's report on July 1, 2002.  At that time, Kalt referred to "opportunity costs" in a footnote to his report; subsequently, he expanded on the concept of opportunity costs during his deposition on August 13, 2002.

## *Discussion*

Under the provisions of Fed. R. Civ. P. 26(a)(2)(C) Plaintiff's deadline for disclosing rebuttal experts was July 31, 2002.  In their response, Defendants refer to the "time limitation in the rule [Fed. R. Civ. P. 26(a)(2)(C)] on rebuttal experts is intended to prevent an endless cycle of one expert rebutting another's rebuttal testimony."  There would seem to be no question but that such a prospect should be avoided.  The reports of Defendants' experts should set the general boundaries on their testimony.  The reference by Dr. Kalt to the economic concept of

"opportunity costs" in one footnote is not simply an aside; it is a succinct explanation of the concept and, in context, should have put the Plaintiff on notice that the concept of "opportunity costs" would figure in Defendant's calculus of what expenses should be taxed to the gas production. Although this concept was expanded through Plaintiff's questioning in Dr. Kalt's deposition, there is no question but that Plaintiff was on notice from the date of the report that Defendant's expert might rely on "opportunity costs". Plaintiff's motion to designate rebuttal witnesses is not timely. Should Plaintiff wish to supplement the reports of any of its expert witnesses on the issues of (1) using "opportunity costs" in computing whether the 39% processing fee is reasonable, and (2) Defendant's contention that the Class is only entitled to be paid to be paid for the "raw gas" in the form in which it is produced at the well; it may do so on or before November 29, 2002. This Opinion does not address the order in which Plaintiff may call its witnesses, nor does it address the proposed designation by Defendants of Curtis Bradley and James Richard Fitzgerald as new expert witnesses.

**IT IS ORDERED** that Class' Motion for Order Regarding Deadline to Designate Rebuttal Experts [Docket #543] is **DENIED in Part and GRANTED in part** as set out above.

_____
UNITED STATES MAGISTRATE JUDGE