## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

ELLIOTT INDUSTRIES LIMITED
PARTNERSHIP, a New Mexico
Limited Partnership,

        Plaintiff,

vs.                                      Civ. No. 00-655 LH/WWD (ACE)

CONOCO INC., a Delaware
corporation, AMOCO PRODUCTION
COMPANY a Delaware corporation,
and AMOCO ENERGY TRADING
CORP., a Delaware corporation,

        Defendants.

<u>MEMORANDUM OPINION AND ORDER</u>

      This matter comes before the Court upon the Class's Motion for Sanctions Against the

Amoco Defendants (Docket # 599).  The motion seeks sanctions for Amoco's alleged failure to

comply with my order of August 14, 2002 which directed Amoco to produce documents relating

to  a letter dated  April 19, 2002 which Amoco sent to its royalty holders including some members

of the Plaintiff Class.  Certain production was made in compliance with the order.  A privilege log

accompanied the production and the log listed documents which were being withheld on claims of

attorney client privilege and as work product.  An *in camera* inspection of those documents has

been made by the Court.

**<u>Plaintiff's Contentions.</u>**

      1.  Plaintiff contends that Amoco's position in this law suit is that the purpose of the letter

of April 19th was an"ordinary business purpose", and that this is at odds with a claim of work

product protection.  Plaintiff also argues that any "threat of litigation" in connection with the April

1

19th letter is sufficiently vague that work product would not apply to the legal work preceding the letter; and that, in any case, the primary motivating purpose of the creation of the documents in question was not"some vague, unspecified possibility of litigation".

2.  Plaintiff contends that communication by Amoco, its accountant, or its counsel with accountants at  Price Waterhouse Cooper, is not covered by the attorney client privilege.

3.  Plaintiff contends that Amoco's claim of "Joint Defense Work Product" in connection with certain documents is improper for the reasons stated above in paragraph 1 as well as the fact that Conoco, having paid its "same as fed" royalties differently, should  not be litigating the problem that Amoco was faced with.

4.  Finally, Plaintiff, alleging that Amoco has acted fraudulently, claims that the fraud exception to the attorney client privilege would apply since the communications between Amoco and it counsel were "for the purpose of perpetuation of fraudulent conduct".

**Defendant Amoco's Contentions.**

1.  Treating the instant motion as a motion to compel, Amoco contends that it has fully complied with the order of August 14, 2002.

2.  Amoco contends that the fact that a "business decision" was made with the advice of counsel does not mean that the communications between counsel and Amoco are not protected by the attorney client  privilege.

3.  Amoco contends that Price Waterhouse Cooper, Amoco's outsourced accounting group, are agents of Amoco for the purpose of performing Amoco's royalty accounting, and that information provided by these accountants to counsel is protected by the attorney client privilege.

4. Amoco contends that work on the same-as-fed royalty payment issue was in anticipation of litigation.

5.  Amoco contends that co-defendants Conoco and Amoco had a  "common interest" in sharing defense information concerning their accounting methodologies for same-as-fed properties.

6.  Amoco contends that there was no proof of fraud by Amoco in "discovering and correcting errors" in its same-as-fed accounting.

Finally, Amoco claims that Plaintiff refused to meet and to discuss compromise.

**Discussion.**

I have considered the submissions of counsel, a number of the cases cited therein, and I have reviewed the documents and the CD submitted to me for an *in camera* inspection.  I conclude that the claims of attorney client privilege and work product were, in my opinion, well made in every instance.   Since I spent an inordinate amount of time already in connection with this motion, I decline to discuss in detail the contentions of the parties.  I do not find the arguments of Plaintiff persuasive in any respect when viewed in the context of my *in camera* inspection.  Defendant's contentions are well taken..

**WHEREFORE,**

**IT IS ORDERED**  that the Class's Motion for Sanctions Against the Amoco Defendants (Docket # 599)   be, and it is hereby, **DENIED.**

_____

UNITED STATES MAGISTRATE JUDGE