**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

ELLIOTT INDUSTRIES LIMITED
PARTNERSHIP, a New Mexico
Limited Partnership,

       Plaintiff,

vs.                                                                       Civ. No. 00-655 LH/WWD (ACE)

CONOCO INC., a Delaware
corporation, AMOCO PRODUCTION
COMPANY a Delaware corporation,
and AMOCO ENERGY TRADING
CORP., a Delaware corporation,

       Defendants.

<u>MEMORANDUM OPINION AND ORDER</u>

This matter comes before the Court upon Conoco, Inc.'s Objections to Plaintiff's Request for

Motion for Attorney Fees and Motion to Reconsider Award of any Attorney Fees [docket no. 642].  In

considering this motion, I will necessarily address my order of September 26, 2002 [docket no. 614]

which deferred the question of sanctions in connection with the Class' Motion to Compel Production of

Documents and for Sanctions against Defendant Conoco [docket no. 447].  In that order, without

awarding attorney fees, I requested the Class' counsel to furnish me with a "breakdown by motion of

attorney hours and charges made in connection with motions to compel (<u>excluding</u> Plaintiff's renewed

motion for sanctions against Defendant Conoco, docket no. 468] filed by Plaintiff."  In a letter dated

October 11, 2002, John M. Eaves, Esq., sent to the Court his affidavit containing a breakdown by

attorneys, billing rate, hours, and computed charge, in connection with the motions to compel [docket

nos. 143, 144, and 447].  The attorney fees sought amount to $33,751.25.  Defendant Conoco claims,

among other things, that part of its failure to provide discovery was "the result of a clerical error, part

of the information sought has now been produced in a usable format", and that Plaintiff has in some

instances "been satisfied with the information Conoco has provided.".  Conoco sets out other "reasons" it should not be sanctioned which I will not detail.  Conoco also asserts that the attorney fees are not reasonable, and to some extent I agree with that assertion.

I have stated before that Conoco has not been forthcoming with respect to certain critical items being sought by Plaintiff.  While I still think this conclusion is valid, my judgment with respect to sanctions is tempered by what I consider to be an unfortunate absence of harmony between the parties for which I believe Plaintiff has a share of the responsibility.  The general level of contentiousness and acrimony in this lawsuit is truly unfortunate and has contributed materially to some of the extra efforts involved in discovery.

I find that the amount of time claimed by Plaintiff's counsel is excessive and that the hourly rates charged for the nature of the work involved are also excessive in some instances.  There is no precise formula for awarding attorney fees in these circumstances; accordingly, I will make a determination based upon my consideration of all the factors aforementioned, keeping in mind my duty to be fair, if possible, to both sides.  I find that the fair amount of attorney fees which should be awarded to Plaintiff in connection with the matters herein involved is $12,000.00.

**WHEREFORE,**

**IT IS ORDERED** that Defendant Conoco, Inc. shall pay to Plaintiff's counsel the sum of $12,000.00 as reimbursement of attorney fees incurred by Plaintiff in connection with motions to compel, excluding Plaintiff's Renewed Motion for Sanctions Against Defendant Conoco [docket no. 468].

_____
UNITED STATES MAGISTRATE JUDGE