IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ELLIOTT INDUSTRIES LIMITED
PARTNERSHIP, a New Mexico
Limited Partnership,

      Plaintiff,

vs.                                                                      Civ. No. 00-655 LH/WWD (ACE)

CONOCO INC., a Delaware
corporation, AMOCO PRODUCTION
COMPANY a Delaware corporation,
and AMOCO ENERGY TRADING
CORP., a Delaware corporation,

      Defendants.

MEMORANDUM OPINION, RECOMMENDATION, AND ORDER

      This matter comes before the Court upon Plaintiff Class' Motion and Brief in Support to Compel and For Sanctions Against Defendant Conoco Concerning Conoco's Historical Royalty Payment Records and For Leave to Conduct a Rule 30(b)(6) Deposition in Excess of Seven Hours filed December 20, 2002 [docket no. 667] on which the briefing was completed by the filing of the Class' Reply [docket no. 683] on January 27, 2003. This Memorandum Opinion will also address Conoco, Inc.'s Motion and Brief in Support for a Protective Order Relating to Plaintiff's Twelfth Set of Requests for Production, Seventh Set of Interrogatories and Rule 30(b)(6) Deposition Notice and Notice of Non-Appearance for December 9-13 Deposition [docket no. 659] filed December 2, 2002. Both motions deal with the scope of an order entered September 25, 2002, which incorporated a stipulation made by counsel following a hearing before the Court on September 17, 2002. The question presented by the respective motions deals with the scope of discovery permissible under the aforementioned order of September 25, 2002. Unfortunately, the

language contained in the Stipulation incorporated into the Order is somewhat vague and it involves a judgment call with respect to what discovery will be needed in addition to that which is to be provided pursuant to the Stipulation. In order to make such a judgment, it is likely that the Court would have to go well behind the pleadings in the two pending motions to determine what would be the reasonable amount of discovery to be allowed. The amount of time and analysis involved in this project would be considerable, as, indeed, has been the amount of judicial resources already channeled to this litigation. Additionally, there are presently pending numerous motions which, when decided, may have a significant impact on the parameters of this lawsuit. When I depart from federal service on February 28, 2003, my portion of the judicial work in this lawsuit will be assigned to another magistrate judge. With only a passing reference to the extraordinary amount of judicial resources already used in this litigation, I have no hesitation in pointing out that dropping the instant motions as well as other discovery conflicts on my successor would amount to a thoroughly disproportionate impact on his work load considering the other matters which he will be called upon to handle. The misplaced assurances as to the scope of this lawsuit at the beginning will not be relied upon in these circumstances. I recommend to the trial judge that a Special Master be appointed to make recommendations to my successor concerning discovery matters, and that this Special Master be empowered to employ such experts as he may need to ascertain the proper course to take with respect to discovery, including the two instant motions. I would anticipate that the expense of the Special Master and any necessary experts would be borne by the parties in accordance with directions from the trial judge.

**WHEREFORE,**

**IT IS ORDERED** that Conoco, Inc.'s Motion and Brief in Support for a Protective Order Relating to Plaintiff's Twelfth Set of Requests for Production, Seventh Set of Interrogatories and

Rule 30(b)(6) Deposition Notice and Notice of Non-Appearance for December 9-13 Deposition [docket no. 659] as well as Plaintiff Class' Motion and Brief in Support to Compel and For Sanctions Against Defendant Conoco Concerning Conoco's Historical Royalty Payment Records and For Leave to Conduct a Rule 30(b)(6) Deposition in Excess of Seven Hours filed December 20, 2002 [docket no. 667] be, and they are hereby, DENIED WITHOUT PREJUDICE pending appointment of a Special Master or such further direction as the trial judge may see fit to make.

_____
UNITED STATES MAGISTRATE JUDGE