IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**ELLIOTT INDUSTRIES LIMITED
PARTNERSHIP**, **a New Mexico limited
partnership, on behalf of itself and all
others similarly situated,**

        **Plaintiffs,**

**v.**                                                    **CIV No. 00-655 LH/WDS  ACE**

**CONOCO, INC**., **a Delaware corporation,
BP AMERICA PRODUCTION COMPANY,
a Delaware corporation, and, BP ENERGY
COMPANY, a Delaware corporation,**

        **Defendants.**

**MEMORANDUM OPINION AND ORDER #5**

    **THIS MATTER** comes before the Court for consideration of Defendants' Joint Motion No.

6 for Partial Summary Judgment on Unjust Enrichment Claim (Docket No. 478); Defendants' Joint

Motion No. 8 for Partial Summary Judgment on Plaintiffs' "Commingling Theory" (Docket No. 482);

and,  Defendants' Joint Motion No. 4 for Partial Summary Judgment and for Application of the

Statute of Limitations (Docket No. 474).  The Court, having considered the motions, briefs and

relevant case law, concludes that Defendants' Joint Motion No. 6 shall be **granted**  and that Count

IX of the Second Amended Complaint ("SAC") shall be **dismissed**.

The Court, having now ruled on all dispositive motions, has concluded that all other motions, not specifically addressed via memorandum opinion and order, are moot and are hereby denied on that basis. This includes but is not limited to Defendants' Joint Motion No. 4 for Partial Summary Judgment and for Application of the Statute of Limitations (Docket No. 474), and Defendants' Joint Motion No. 8 for Partial Summary Judgment on Plaintiff's "Commingling Theory" (Docket No. 482).

Further, although Defendants did not actually move for dismissal of Count III, the Court concludes that it is appropriately dismissed at this time. This count alleges that Defendants

> have breached their duty of good faith and fair dealing towards the Plaintiff and Plaintiff Class by charging them with fees for gas processing and marketing services at the Plant which substantially exceed both the actual costs incurred be the Defendants to provide such services and the reasonable value of the services rendered, without full disclosure to or agreement by the Plaintiff and Plaintiff Class.

 (SAC ¶ 46).

These allegations of excessive processing and marketing fees have been dealt with by the Court in rulings filed simultaneously with this one. For example, in Memorandum Opinion and Order #1, the Court concluded that  Plaintiffs do not dispute that Defendants have accounted to them and paid royalties, based on the contracts creating such interests;  that the terms of these agreements have been construed and approved by New Mexico courts; and that there is no factual basis to support Plaintiffs' argument that they are entitled to royalty on a value of the gas downstream of the well, thereby making any cost adjustment to a downstream price a "charge" or "deduction" from Plaintiffs' royalty  (Memorandum Opinion and Order #1 at 8). In light of these rulings, the Court reaches the inescapable conclusion that Plaintiffs cannot prevail on a claim of breach of good faith and fair dealing and that Count III must be dismissed because it is moot.

While every contract imposes the duty of good faith and fair dealing, which has been defined as requiring that neither party do anything that will injure the rights of the other to receive the benefit of their agreement,[1] there has been no proof here of injury by Defendants to the rights of Plaintiffs to receive the benefit of their agreements with Defendants.

This Court, in its *sua sponte* jurisdiction, hereby dismisses Count III.

## I.  Unjust Enrichment

Count IX of the SAC alleges that by "improperly charging the Plaintiff and Plaintiff Class with excessive and unreasonable processing and marketing fees and by otherwise underpaying the Plaintiff and Plaintiff Class and retaining the value associated with such fees for themselves, the Defendants have been unjustly enriched ...." (SAC ¶ 77).  This is yet another version of the basic claim that has been addressed in rulings filed simultaneously with this one: that by reducing royalty payments by processing costs, Defendants have been injured, in this instance pursuant to a theory of unjust enrichment.

The case of *Ontiveros Insulation Co., Inc. v. Sanchez*, 129 N.M. 200 (Ct. App. 2000) held that the doctrine of unjust enrichment is in equity and may only be employed only when the parties are not in privity of contract.  "[E]quity does not take the place of remedies at law, it augments them; in this regard, an action in contract would be preferred" to a claim of unjust enrichment. *Id*. at 204.  If the party asserting the claim is in privity with the party unjustly enriched, the appropriate remedy is in contract, not equity.  When a party to a contract is adequately protected by a claim under the

---

[1]  *See Watson Truck & Supply Co. v. Males*, 111 N.M. 57, 60 (1990).

contract, it may not sue in equity.  "The theory [of unjust enrichment] has evolved largely to provide

relief where, in the absence of privity, a party cannot claim relief in contract and instead must seek

refuge in equity."  *Id* at 203.

If there is one common thread throughout Plaintiffs' arguments in this case, it is that Plaintiffs

do not want to pursue the obvious claim to recover from Defendants for their alleged failure to pay

appropriate royalties.  Plaintiffs have filed three complaints, yet have not plead breach of contract.

They attempt to create theories that will not be limited by the long-standing agreements between them

and Defendants.  I am impressed that all of Plaintiffs' claims have been constructed to avoid being

constrained by its contracts and by New Mexico interpretation of such documents as contained in

*Creson v. Amoco Prod. CoI*., 129 N.M. 529 (Ct. App. 2000) and the cases upon which *Creson* relies.

It is the judgment of the Court that neither Count IX nor any of the other counts present

triable issues that would properly be submitted to a jury.  Having now determined that summary

judgment must be entered as to all counts of the Second Amended Complaint, the Court concludes

that the entire case must be dismissed.

**WHEREFORE**, **IT IS ORDERED** that Defendants' Joint Motion No. 6 for Partial Summary

Judgment on Unjust Enrichment Claim (Docket No. 478) is hereby **granted**, and Count IX shall be

**dismissed**.

**IT IS FURTHER ORDERED** that Count III of the Second Amended Complaint shall be

dismissed.

**IT IS FURTHER ORDERED** that all motions that have not yet been specifically addressed

via memorandum opinion and order are moot and are hereby denied on that basis.  This includes but

is not limited to Defendants' Joint Motion No. 4 for Partial Summary Judgment and for Application

of the Statute of Limitations (Docket No. 474), and Defendants' Joint Motion No. 8 for Partial

Summary Judgment on Plaintiff's "Commingling Theory" (Docket No. 482).

**IT IS FURTHER ORDERED** the **case shall be dismissed in its entirety**.

**IT IS SO ORDERED.**

_____

**SENIOR UNITED STATES DISTRICT JUDGE**